UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-291-GCM
2:05-cr-217-GCM-WCM-1

CALVIN WATTY DRIVER,            )
                                )
         Petitioner,            )
                                )
vs.                             )
                                )     **ORDER**
UNITED STATES OF AMERICA,       )
                                )
         Respondent.            )
_____)

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or 2255, (Doc. No. 1), that has been docketed as a Motion to Vacate pursuant to 28 U.S.C. § 2255.

In a Judgment entered on May 17, 2007, Petitioner was found guilty by a jury of aggravated sexual abuse and he was sentenced to 324 months' imprisonment followed by a life term of supervised release. (2:05-cr-217 (CR) Doc. No. 48). The Fourth Circuit Court of Appeals affirmed. United States v. Driver, 273 F. App'x 277 (4th Cir. 2008).

In 2014, Petitioner filed a *pro se* "Motion for an Order to File a[] Motion Under 28 U.S.C. § 2255 as Timely Filed." (CR Doc. No. 84). The Court denied the Motion and the Fourth Circuit affirmed. United States v. Driver, 605 F. App'x 221 (4th Cir. 2015).

Petitioner filed Motions pursuant to 28 U.S.C. §§ 2244 and 2255(h) for authorization to file a second or successive § 2255 petition in the Fourth Circuit that were denied as unnecessary on May 2, 2018 and May 31, 2018, as Petitioner had not yet filed an initial § 2255 petition. See

1

Fourth Cir. Case Nos. 18-183, 18-224.

Petitioner has now filed the instant Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or 2255, that has been docketed as a § 2255 Motion to Vacate. (Doc. No. 1). Although the Motion was filed on a § 2244 form, it appears that Petitioner is attempting to seek § 2255 relief based on claims of trial court error, ineffective assistance of counsel, and prosecutorial misconduct.

The Court hereby notifies Petitioner that it intends to recharacterize his § 2244 Motion, (Doc. No. 1), as a Motion to Vacate pursuant to 28 U.S.C. § 2255. Before this Court construes this action as one arising under § 2255, Petitioner is entitled to notice and the opportunity to state whether he intended to bring the action as one arising under § 2255. United States v. Castro, 540 U.S. 375, 383 (2003) (a "court cannot … recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."); see United States v. Blackstock, 513 F.3d 128, 134-35 (4th Cir. 2008). Before making that decision, Petitioner should consider that recharacterization will subject subsequent § 2255 motions to vacate to the law's "second or successive" restrictions, so that he may not bring a second or successive motion under § 2255 without first obtaining authorization by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Authorization to file second or successive motions to vacate is rarely granted.

Petitioner shall have **thirty (30) days** from this Order in which to inform the Court whether he agrees to recharacterize his Motion as a § 2255 Motion to Vacate, or to withdraw it.

If Petitioner chooses to proceed under § 2255, he may file, within **thirty (30) days** of this Order, a superseding Amended § 2255 Motion to Vacate on the enclosed form, signed under penalty of perjury, subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644 (2005).

Petitioner is further advised that a one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred motion to vacate is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

On the present record, it appears that a § 2255 Motion to Vacate would be subject to dismissal as untimely because it was filed more than one year after Petitioner's conviction and sentence became final. The Court will afford Petitioner the opportunity to explain, within **thirty (30) days** of this Order, why his Motion is timely under § 2255.

If Petitioner fails to timely respond to this Order, the Court will recharacterize the petition as a § 2255 Motion to Vacate and it will likely be dismissed with prejudice as time-barred.

Because the instant Motion is on a § 2244 form, it will also be forwarded to the Fourth Circuit in an abundance of caution.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall, within **thirty (30) days** of service of this Order, inform the Court as to whether he would like for the Court to construe his § 2244 Motion as § 2255 Motion to Vacate.

2. Petitioner may file, within **thirty (30) days** of service of this Order, a superseding Amended § 2255 Motion to Vacate on the enclosed form.

3. If Petitioner takes no action within **thirty (30) days** of service of this Order, the Court will recharacterize the § 2244 Motion as one being brought under § 2255 and it will likely be dismissed with prejudice as time-barred.

4. The Clerk of Court is directed to mail Petitioner a new § 2255 form.

5. The Clerk of Court is directed to transmit a copy of the Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or 2255, (Doc. No. 1), to the Fourth Circuit Court of Appeals.

Signed: October 26, 2020

*Graham C. Mullen*
Graham C. Mullen
United States District Judge