UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-291-GCM
2:05-cr-217-GCM-WCM-1

| | |
|---|---|
| CALVIN WATTY DRIVER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on *pro se* Petitioner's Motion for Reconsideration (Doc. No. 8).

In the underlying criminal case, Petitioner was found guilty of one count of aggravated sexual abuse and he was sentenced to 324 months' imprisonment followed by a life term of supervised release, and the Fourth Circuit Court of Appeals affirmed. United States v. Driver, 273 F. App'x 277 (4th Cir. 2008). In 2020, Petitioner filed a Motion pursuant to 28 U.S.C. § 2244 that appeared to seek post-conviction relief. (Doc. No. 1). The Court notified Petitioner of its intent to recharacterize his petition as a Motion to Vacate pursuant to 28 U.S.C. § 2255, and informed him that it appeared to be time-barred. (Doc. No. 2). After being granted an extension of time, Petitioner filed an Amended § 2255 Motion to Vacate in which he raised a number of claims. (Doc. No. 5). With regards to the statute of limitations, Petitioner argued that equitable tolling is warranted because he had difficulty obtaining records from his trial lawyer, and he was not appointed counsel. On March 11, 2021, the Court entered an Order dismissing the Amended § 2255 Motion to Vacate with prejudice as time-barred. (Doc. No. 6). The Court found that the Motion to Vacate was untimely under § 2255(f), and that equitable tolling was not warranted

1

because Petitioner failed to demonstrate that: extraordinary circumstances prevented his timely filing; he exercised due diligence; or enforcing the statute of limitations would be unconscionable.

Petitioner filed the present Motion for Reconsideration on June 22, 2021.[1] He appears to argue that his § 2255 Motion to Vacate was timely and/or that he is entitled to equitable tolling based on the date upon which he discovered that the prosecution withheld exculpatory evidence.

The Court liberally construes the Motion as one filed under Rule 60(b) of the Federal Rules of Civil Procedure which permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner's Motion is too vague and conclusory to support relief. He argues that his discovery of prosecutorial misconduct justifies his late filing, but he fails to allege the date upon which he discovered that the prosecution withheld evidence, or explain how he pursued his rights diligently. The Motion is also insufficient to the extent that Petitioner merely asks the Court to reconsider the equitable tolling argument that he presented in the Amended Motion to Vacate. See generally United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, … it is not authorized by Rule

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule).

60(b)). In short, Petitioner has failed to state any basis to reconsider the dismissal of his Amended Motion to Vacate with prejudice as time-barred. Petitioner's Motion for Reconsideration will therefore be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration, (Doc. No. 8), is **DENIED**.

Signed: August 4, 2021

Graham C. Mullen
United States District Judge